IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT A. HOUZE II,

    Plaintiff,                              No. CIV S-11-3289 KJM CKD PS

    vs.

COUNTY OF SACRAMENTO,

    Defendant.                         <u>ORDER</u>

/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.

6  A complaint must contain more than a "formulaic recitation of the elements of a
7  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must
9  contain something more...than...a statement of facts that merely creates a suspicion [of] a legally
10  cognizable right of action."  Id.  "[A] complaint must contain sufficient factual matter, accepted
11  as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S.___,
12  129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial
13  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
14  inference that the defendant is liable for the misconduct alleged."  Id.

15  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
16  520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it
17  is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in
18  forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v.
19  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

20  It appears that plaintiff is seeking damages for an allegedly wrongful sentence
21  imposed by the Sacramento County Superior Court during prior criminal proceedings against
22  plaintiff.  In particular, plaintiff alleges that he was sentenced to a three-year "felonious
23  probation" on a misdemeanor charge for which he had already served the time.  He further
24  alleges that his constitutional rights were violated by a search-and-seizure order, a requirement to
25  attend monthly probation appointments, and a travel restriction associated with the allegedly
26  illegal probation sentence.  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States

Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. This court finds that plaintiff's instant action directly implicates the validity of plaintiff's sentence. Therefore, in any amended complaint, plaintiff must show that his sentence has been invalidated.

If plaintiff chooses to amend, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. E.D. Cal. L.R. 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3.  Plaintiff is granted 28 days from the date of service of this order to file an amended complaint curing the deficiencies outlined in this order.  The amended complaint shall bear the docket number assigned to this case and shall be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of any amended complaint.

4.  Failure to file an amended complaint will result in a recommendation that this action be dismissed.

Dated: December 15, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Houze.3289.ifp-lta.wpd