IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT A. HOUZE II,

     Plaintiff,                            No. CIV S-11-3289 KJM CKD PS

    vs.

COUNTY OF SACRAMENTO,

     Defendant.                       FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding pro se and in forma pauperis in this action, which was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). According to plaintiff's original complaint, plaintiff seeks damages for an allegedly wrongful sentence imposed by the Sacramento County Superior Court during prior criminal proceedings against plaintiff. In particular, plaintiff alleges that he was sentenced to a three-year felonious probation on a misdemeanor charge for which he had already served the time. He further alleges that his constitutional rights were violated by a search-and-seizure order, a requirement to attend monthly probation appointments, and a travel restriction associated with the allegedly illegal probation sentence.

        By order filed December 16, 2011, the court dismissed plaintiff's complaint with leave to amend. (Dkt. No. 3) The court explained that, in Heck v. Humphrey, 512 U.S. 477

1  (1994), the United States Supreme Court held that a suit for damages on a civil rights claim
2  concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained
3  absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by
4  executive order, declared invalid by a state tribunal authorized to make such determination, or
5  called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."
6  Heck, 512 U.S. at 486.  Under Heck, the court is required to determine whether a judgment in
7  plaintiff's favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it
8  would, the complaint must be dismissed unless the plaintiff can show that the conviction or
9  sentence has been invalidated.

10         This court found that plaintiff's instant action directly implicated the validity of
11 plaintiff's sentence.  Accordingly, the court granted plaintiff 28 days to file an amended
12 complaint showing that plaintiff's sentence has been invalidated.  That time period has now
13 passed, and plaintiff has not filed an amended complaint in accordance with the court's order.
14 Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.
15 See Local Rule 110; Fed. R. Civ. P. 41(b).

16         These findings and recommendations will be submitted to the United States
17 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
18 fourteen days after being served with these findings and recommendations, plaintiff may file
19 written objections with the court.  The document should be captioned "Objections to Magistrate
20 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
21 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
22 Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  Dated: January 26, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

26 CKD/5 - Houze.3289.fr.wpd